**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CELINE BACARDI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | NO. _____ |
| | § | |
| **LIMITLESS MEDICAL SPA, LLC and** | § | **JURY DEMANDED** |
| **SUSANNE CIAGLIA,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Celine Bacardi ("Plaintiff") files this Original Complaint against Defendants Limitless Medical Spa, LLC and Susanne Ciaglia ("Defendants") and would respectfully show as follows:

### A.    PARTIES

1.    The Plaintiff is Celine Bacardi. She is a resident of Conroe, Texas. Plaintiff was employed by Defendants within the meaning of the FLSA.

2.    Defendant Limitless Medical Spa, LLC is a domestic for-profit limited liability company formed in Texas with its principal place of business in the state of Texas, engaged in commerce and subject to the FLSA. This Defendant was Plaintiff's employer. Service of process may be made on Defendant Limitless Medical Spa, LLC by serving its registered agent for service of process, Mark Ciaglia, 11 Shimmering Aspen Drive, The Woodlands, Texas 77389.

3.    Defendant, Susanne Ciaglia, is the chief operating officer of Limitless Medical Spa, LLC and the Plaintiff's employer. Susanne Ciaglia can be served with process at 11 Shimmering Aspen Drive, The Woodlands, Texas 77389.

## B.    JURISDICTION

4.      This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  The Plaintiff's claims arise under §207 of the FLSA.  This case presents a federal question.

## C.    VENUE

5.      Pursuant to 28 U.S.C. §1391(b)(1) & (2), venue for this suit is proper in this district and division because it is the district and division in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## D.    FACTS

6.      Plaintiff Celine Bacardi was employed by the Defendants beginning in December 2015 in the position of front desk coordinator/receptionist.  She was classified as a non—exempt employee and was eligible for overtime at one and one-half times her regular rate of pay when she worked over 40 hours in a week.  She was also paid commissions as part of her compensation.  When Plaintiff was employed by Defendants, she was engaged in commerce or in the production of goods for commerce.

7.      Defendant, Limitless Medical Spa, LLC ("Limitless"), was in the business of providing skin care services to the Defendants' patients.  Limitless is engaged in commerce, and/or is an enterprise engaged in the production of goods for commerce.  Limitless employs individuals, like Plaintiff, whose regular activities are connected with the receipt of goods across state lines. Limitless purchases materials and supplies from manufacturers and vendors outside the state of Texas.  These vendors ship the goods across state lines to Limitless.  Thus, Limitless is an enterprise engaged in commerce or the production of goods for commerce; has employees engaged in commerce or the production of goods for commerce; and/or has employees handling, paying

for, or otherwise working on goods and materials that have been moved in or produced for commerce by any person. Upon information and belief, the annual revenues of Limitless exceed $500,000.

8.      Defendant, Susanne Ciaglia, is the Plaintiff's employer by virtue of the fact that she: (1) hired and fired the employees of Limitless; (2) supervised and controlled employee work schedules and conditions of employment; (3) maintained operational control of the company; (4) set the employees' rates of pay; (5) determined whether employees would be paid, and if so, how; and (6) maintained employee records.

9.      During Plaintiff's employment she was required to clock-in and clock-out.  On October 7, 2016 Plaintiff requested to speak with Defendant Ciaglia with regard to alterations to her time clock entries.  Plaintiff had noticed that her time entries were being edited to reflect fewer hours than those actually worked and she wanted to be paid for all of her time.  A meeting was held on October 7 with Defendant Ciaglia, manager Kielani Stellar, and the Plaintiff.  During the meeting Ms. Ciaglia admitted editing Plaintiff's time entries with respect to time she did not feel the Plaintiff was working, but denied editing the time entries to include lunch breaks that were never provided.  Ms. Ciaglia blamed the lunch break deductions on a "system error," and promised to fix them.

10.     On Sunday, October 9, 2016, the Plaintiff was not scheduled to work.  She wrote an email to Ms. Ciaglia confirming what was said during the October 7 meeting memorializing the hours for which she expected to be paid, including overtime pay.

11.     On Monday, October 10, 2016 the Plaintiff was scheduled to work.  When the Plaintiff walked into the Medspa she was greeted by Ms. Ciaglia who informed Plaintiff there was no need for her to clock in and she led Plaintiff into a client service room where she asked the

Plaintiff for her key.  When Plaintiff handed the key to Ms. Ciaglia, Ms. Ciaglia said "you're fired." After Plaintiff asked the reason for her termination Ms. Ciaglia told her to "go ask your lawyer." Her final paycheck did not reflect compensation for the hours which had been deducted improperly from her pay, including overtime hours, nor was she compensated for the lunch breaks which had been deducted from her pay, even though she was not permitted to have an uninterrupted lunch break for the times reflected in the deductions.

### E.     CAUSES OF ACTION

### COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

12.     The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-11, *supra*.

13.     The Defendants violated §207 of the FLSA by employing the Plaintiff in any workweek, where she was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce for a workweek in excess of 40 hours, and by not compensating her for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which she was employed.  *See* 29 U.S.C. §207(a)(1).  The Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay the Plaintiff all of her wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendants to not pay the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation under the FLSA and liquidated damages in an amount equal to her unpaid wages, as provided by law and for which she seeks from the Defendants by this suit.

14.    Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit.

**COUNT 2—RETALIATION FOR COMPLAINING ABOUT FLSA VIOLATION**

15.    Plaintiff Celine Bacardi incorporates within Count 2 all of the factual allegations set forth in paragraphs 1-14, *supra*.

16.    By complaining to the Defendants about their wage practices with respect to alteration of time entries, deductions for meal breaks not provided, and the failure to pay overtime, the Plaintiff participated in protected activity under the FLSA.  When the Defendants fired the Plaintiff within three days of her protected activity, the Plaintiff was subjected to an adverse employment action.  There is a causal link between the protected activity and the adverse action because (1) there is close temporal proximately between the protected activity and the adverse action; and (2) the reason provided by the Defendants for the Plaintiff's termination is a pretext. The Plaintiff engaged in no work-related misconduct and was terminated a few days after complaining of the Defendants' violation of the FLSA.

17.    After she was terminated, Plaintiff applied for unemployment benefits.  Defendants further retaliated against Plaintiff when they informed the Texas Workforce Commission ("TWC") that Plaintiff had been terminated due to misconduct connected with her work.  This representation to the TWC was false, and resulted in the denial of unemployment benefits to the Plaintiff until the denial was reversed by the TWC Appeal Tribunal.  Consequently, Plaintiff was subjected to an adverse employment action causally connected to her protected activity.

18.     By this suit, the Plaintiff seeks to recover from the Defendants all of her lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all other elements of damages provided by law.

19.     Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit.

## F.     JURY DEMAND

20.     Plaintiff hereby requests a trial by jury.

## PRAYER

21.     For these reasons, Plaintiff Celine Bacardi, respectfully requests that Defendants Limitless Medical Spa, LLC and Susanne Ciaglia be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid back wages, unpaid overtime, liquidated damages, all of her lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all of the elements of damages provided by law, costs, attorney's fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

/s/Robert J. Filteau
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
jsullivan@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY FOR PLAINTIFF
CELINE BACARDI